

**FILED**
**Feb 13, 2023**
**03:24 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Rodolfo Espinosa, Deceased Employee, by his Surviving Spouse, Laura Estrella de Espinosa, | ) ) ) | Docket No.: 2022-01-0054 |
| | ) | State File No.: 800715-2022 |
| v. | ) | |
| Maestro's Pro Services, LLC, Employer. | ) ) ) | Judge Thomas Wyatt |

---

## COMPENSATION ORDER

---

On February 8, 2023, the Court heard Laura Estrella de Espinosa's Compensation Hearing seeking benefits arising from her husband's death while working for Maestro's Pro Services, LLC. Maestro's is uninsured for workers' compensation risks, did not appear for the hearing, and has not participated in the case. For the reasons below, the Court holds that Mrs. Espinosa did not sufficiently prove the necessary underlying facts to receive death benefits under the Workers' Compensation Act.

### History of Claim

On June 14, 2021, the date Mr. Espinosa died, he, his wife, and four children resided in Cleveland, Bradley County, Tennessee. Mr. Espinosa began working for Maestro's the previous October, performing drywall, concrete, and porch-construction services.

Mrs. Espinosa testified that her husband earned $20 per hour and usually worked forty hours per week. Maestro's paid her husband in cash until two weeks before his death, when it began paying him by check. Those check stubs verified the $20 per hour rate but showed weekly gross wages of $545.00 and $451.60. Mrs. Espinosa explained that Maestro scheduled her husband to work fewer than forty hours in those weeks.

The circumstances of Mr. Espinosa's death are not completely clear. Mrs. Espinosa testified that her husband worked for Maestro's on June 14. That afternoon, she received

1

a telephone call at her work from Maestro's owner, Daniel Dimas, telling her to come to a store because her husband was ill. Before she arrived, Mr. Dimas redirected her to a hospital, where her husband was enroute by ambulance. Mr. Dimas's wife met Mrs. Espinosa at the hospital, where a doctor notified them that Mr. Espinosa had died from a heatstroke.

The report of the emergency medical technicians who responded to Mr. Espinosa stated he was unresponsive and without a pulse when they arrived. According to persons whom the EMTs described as "bystanders," Mr. Espinosa became "really hot" at work, went home, showered, and then drove his truck to the store. They added that he vomited in the store and returned to sit in his truck, where he lost consciousness. The EMTs began cardiopulmonary resuscitation and rushed Mr. Espinosa to the hospital, where resuscitation attempts continued but were unsuccessful.

The emergency physician who treated Mr. Espinosa determined that he died from "cardiac arrest." The Death Certificate listed the cause of death as "Heat Stroke."

Mrs. Espinosa presented a bill for $800 for EMT services and a funeral bill totaling $6,547.26. Mrs. Espinosa seeks death benefits based on an average weekly wage of $800.

**Findings of Fact and Conclusions of Law**

The determination of Mrs. Espinosa's claim begins with Tennessee Code Annotated section 50-6-102(12) (2022), which defines a compensable injury or death as one arising primarily out of and in the course and scope of employment. Mrs. Espinosa must prove this foundational element of her claim by expert medical testimony. A medical opinion about the work-relatedness of Mr. Espinosa's death must be stated to a reasonable degree of medical certainty, as opposed to with speculation or possibility, and the opinion must state that the alleged work-related cause contributed more than fifty percent to his death, considering all causes. Tenn. Code Ann. § 50-6-102(12)(A)-(D).

When considering the evidence in the record under the above legal standard, the Court holds that Mrs. Espinosa failed to satisfy her burden of proof to recover benefits. First, she did not prove her husband died while he was working. Only Mrs. Espinosa testified at trial about the circumstances of her husband's death. But she was not present when her husband became ill. The only information in the record about how Mr. Espinosa died comes from the EMT notes, which state that "bystanders" said that Mr. Espinosa became overheated, left work, showered, and drove to a store before losing consciousness.[1]

While the EMT notes may have established that the illness from which Mr. Espinosa

---

[1] The Court suspects that Maestro's owner was among the witnesses who reported information to the EMTs. The fact that Maestro's owner phoned Mrs. Espinosa about her husband's illness supports this suspicion.

died began while he was working, Mrs. Espinosa did not prove by medical expert opinion that her husband's death arose primarily out of and in the course and scope of employment. None of the medical records introduced at trial contains a physician's opinion that the cardiac arrest and/or heatstroke that caused Mr. Espinosa's death arose primarily out of and in the course and scope of employment. Thus, the Court is compelled by the lack of necessary evidence to deny benefits in this case.

The Court taxes the filing fee of $150.00 to Maestro's Pro Services under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 (February, 2022). Further, Maestro's Pro Services shall prepare and submit a Statistical Data Form for this case within ten calendar days of the date of judgment.

**IT IS ORDERED.**

**ENTERED February 13, 2023.**


_____
*Thomas Wyatt*
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**


**APPENDIX**


Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Post-Discovery Dispute Certification Notice
4. Hearing Request
5. Scheduling Order
6. Pre-Compensation Hearing Statement
7. List of Proposed Witnesses
8. List of Proposed Exhibits
9. Expedited Request for Investigation Report
10. Returned letters addressed to Maestro's Pro Services
11. Notice of Deposition of the owner of Maestro's Pro Services
12. Employee's First Discovery Requests to Maestro's Pro Services

Exhibits:
1. Affidavit of Laura Estrella de Espinoza
2. Bradley County EMS records

3. Tennova Healthcare Cleveland records
4. Incident report of Bradley County Sheriff's Department
5. Death Certificate
6. Bill for services from Bradley County EMS
7. Funeral bill from M. D. Dotson & Sons
8. Filing information from the Tennessee Secretary of State on Maestro's Pro Services
9. Check stubs
10. Marriage Certificate
11. Transcript of attempted deposition of Maestro's Pro Services

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on February 13, 2023.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Marc Walwyn<br>Employee's Attorney | | X | marc@walwynlegal.com<br>frank@walwynlegla.com |
| Daniel Dimas<br>Maestro's Pro Services<br>Employer | X | X | daniel@maestroproservices.com<br>1303 18th Street NW<br>Cleveland, TN 37311 |

_____
Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**